**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

UNITED STATES OF AMERICA,

v.                                                          CASE NO. 1:14-CR-14-DRL-SLC

FLOYD D THOMAS, et al.,

Defendants.

**OPINION AND ORDER**

Defendant Dwaine Bartlett has filed two motions with the Court requesting the Court vacate his sentence and appoint counsel for him. (ECF Nos. 695, 696). Bartlett is currently serving a sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 846 (Count 1) and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (Count 2). According to his filing, Bartlett believes he is entitled to relief on the bases of the United States Supreme Court's decision in *Bowe v. United States*, 607 U.S. __ (2026).

Bartlett has previously filed a Motion to Vacate (ECF No. 553), which this Court denied on August 11, 2020 (ECF No. 570). Thus, any new petition under 28 U.S.C. § 2255 would be a second or successive § 2255 petition. Only the Court of Appeals is vested with the authority to allow the filing of a second or successive 2255 petition. Rule 9 of the Rules Governing Section 2255 Proceedings plainly states: "before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. 2255, para. 8." Having already pursued (unsuccessfully) one 2255 petition in this Court, Bartlett must get authorization for a second or

successive § 2255 petition from the Court of Appeals for the Seventh Circuit before he may file such a petition here.

Moreover, there is no constitutional right to the appointment of counsel in a § 2255 proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. Given that Bartlett has no § 2255 proceedings pending, no counsel can be appointed.

Accordingly, Bartlett's Motion to Vacate (ECF No. 695) is STRICKEN and Bartlett's Motion for Leave to File Memorandum of Law: Motion for Appointment of Counsel (ECF No. 696) is DENIED.

**SO ORDERED** this 19th day of May 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT